# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 17, 2026

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| AMY MOSES, *as next friend of* | \* | |
| *E.M., a minor*, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 21-2052V |
| | \* | |
| v. | \* | Special Master Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

Scott William Rooney, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.
Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 21, 2021, Amy Moses ("Petitioner"), as next friend of E.M. a minor, filed a petition in the National Vaccine Injury Program[2] alleging that E.M. developed chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccination on November 2, 2018. Petition at 2-4 (ECF No. 1). On October 15, 2025, the undersigned issued decision based on stipulation. Decision Based on Stipulation dated Oct.15, 2025 (ECF No. 130).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 13, 2025, Petitioner filed a motion for attorneys' fees and costs. Petitioner's Amended Motion for Fees and Costs ("Pet. Mot."), filed Nov. 13, 2025 (ECF No. 134). Petitioner requests compensation in the amount of $68,320.45, representing $52,815.50 in attorneys' fees and $15,504.95 in costs. Id. at 2. Petitioner warrants that she has personally incurred costs in the amount of $4,834.99 in pursuit of her claim for compensation. Id. Respondent filed his response on November 24, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Nov. 24, 2025, at 2 (ECF No. 136). Petitioner filed a reply, reiterating her request for fees and costs. Pet. Reply in Support of Pet. Mot., filed Dec. 19, 2025 (ECF No. 137). The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Scott Rooney, $300.00 per hour for work performed in 2019-2021, $350.00 per hour for work performed in 2022, $480.00 per hour for work performed in 2023, and $500.00 per hour for work performed in 2024-2025.

The undersigned finds these rates consistent with what counsel have previously been awarded for their Vaccine Program work,[3] and finds them to be reasonable herein. The undersigned has also reviewed the submitted billing entries and finds the total number of hours billed to be reasonable.

Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. However, a reduction of $2,500.00 from attorney costs is necessary for inadvertent duplicative billing.[4]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

---

[3] These rates do not track with the rates that have been found reasonable in prior adjudications, with some years being undercharged and others overcharged. See Jaye v. Sec'y of Health & Hum. Servs., No. 20-672V, 2024 WL 5118499, at *3 (Fed. Cl. Spec. Mstr. Nov. 15, 2024). This is not a new issue to Mr. Rooney. See Heath v. Sec'y of Health & Hum. Servs., No. 19-1438V, 2025 WL 545046, at *2 (Fed. Cl. Spec. Mstr. Jan. 21, 2025). Because these rate variances have both under and overcharged, any year-by-year recalculation is likely to end up netting out to something likely to approach a wash, leaving such a recalculation a poor use of judicial resources given that the overall amount sought for fees is in any event reasonable in light of the work performed in the case.

[4] Counsel indicates that Petitioner paid half of the bill to the Coordinating Center, or $2,500.00; however, counsel's full request for fees and costs ($68,320.45) includes Petitioner's half. See Pet. Mot. at 43-44. Counsel's motion indicates that when subtracting this half ($2,500.00), counsel's fees and costs equal $65,820.45. Id. at 44.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $70,655.44 (representing $65,820.45 in attorneys' fees and costs and $4,834.99 in Petitioner's personally incurred costs), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>**/s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.